UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  26-60972-CIV-DAMIAN

DAVID HERNANDEZ PEREZ,

      Petitioner,

v.

GARRETT RIPA, *et al.*,

      Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before this Court on Petitioner, David Hernandez Perez's ("Petitioner"), Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241, filed April 7, 2026. [ECF No. 1] (the "Petition"). Petitioner challenges his continued detention by immigration officials at the Broward Transitional Center. This Court entered an Order to Show Cause on April 13, 2026. [ECF No. 5]. On April 20, 2026, Respondents filed a Response to the Petition [ECF No. 6 ("Response")].

THE COURT has reviewed the Petition, the Response, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

## I.     BACKGROUND[1]

Petitioner is a 26-year-old native and citizen of Cuba who entered the United States on December 16, 2022, and was released the following day under a parole. Pet. ¶¶ 4, 30. He claims that he has been physically present in the United States since his arrival. *Id.* ¶¶ 16, 31.

_____

[1] The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in detail in the Petition.

On September 29, 2025, Petitioner was arrested for defrauding an innkeeper for less than $1,000 and for battery during a separate incident. The State later dismissed the fraud charge by *nolle prosequi* on November 18, 2025, and took no action on the battery charge as it stemmed from a domestic altercation. *See* Pet., Ex. C, Amended Notice of Criminal History. After Petitioner posted bond on his original state criminal charges, he was transferred to immigration custody and transported to Broward Transitional Center. *Id.* ¶ 7. On November 12, 2025, Petitioner electronically filed a Form I-485, Application to Register Permanent Residence or Adjust Status. *Id.*, Ex. A. After his application for adjustment was denied, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). *See id.*, Ex. G.

On February 2, 2026, Petitioner appeared before an Immigration Judge, who ordered Petitioner removed to Cuba. *See id.*, Ex. E, Order of Removal. Petitioner appealed the Order of Removal, and his appeal is pending with the BIA.[2] *See id.*, Ex. G, Notice of Appeal from a Decision of an Immigration Judge. Petitioner later requested a custody re-determination hearing, but the Immigration Judge denied that request on March 27, 2026, concluding that the Immigration Court lacked jurisdiction. *Id.*, Ex. H, Order of the Immigration Judge. Petitioner remains detained at Broward Transitional Center.

---

[2]     Under the Immigration and Nationality Act, an order of removal does not become administratively final until "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order." 8 U.S.C. § 1101(a)(47)(B). Accordingly, where, as here, an appeal to the BIA is pending, the removal order is not yet final.

Because the removal order is not administratively final, the "removal period" under 8 U.S.C. § 1231 has not yet begun. *See* 8 U.S.C. § 1231(a)(1)(B)(i) (providing that the removal period begins on "the date the order of removal becomes administratively final"). Petitioner's detention therefore remains governed by the pre-removal detention framework, and his challenge to the statutory basis for that detention remains ripe for review. In accordance with the above, Respondents have not raised the status of the appeal, or indeed the existence of the removal order.

On April 7, 2026, Petitioner filed the instant Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 challenging his continued detention under 8 U.S.C. § 1225(b). *See generally* Pet. In the Petition, Petitioner argues that he is entitled to a bond determination hearing and that 8 U.S.C. § 1226(a) applies to individuals in his circumstances, that is, aliens in the United States who were not lawfully admitted, rather than § 1225, which applies to aliens seeking admission to the United States. *Id.* Petitioner requests that the Court order Respondents to immediately release him from custody under reasonable conditions of supervision or, in the alternative, to conduct a bond redetermination hearing or other individualized and constitutionally adequate hearing under 8 U.S.C. § 1226(a). *See* Pet. at 25.

On April 20, 2026, Respondents filed a Response asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). [ECF No. 6]. Nonetheless, Respondents acknowledge that courts in this District, including the undersigned, have reached the opposite conclusion. *See* Resp. at 3–5 (citing cases concluding that jurisdiction is not barred by 8 U.S.C. § 1252, exhaustion was not required, and that the petitioner's detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)); *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (Dec. 23, 2025) ("[T]his Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b)").

## II.    LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.

*See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   DISCUSSION

At the outset, as noted by Respondents, this Court has previously addressed the issues raised in the Petition in this case in numerous other cases,[3] and as previously indicated, the undersigned agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.).

More recently, the Eleventh Circuit held that noncitizens who entered the United States without inspection but were later apprehended in the interior of the country are not categorically subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, --- F.4th ----, 2026 WL 1243395 (11th Cir. May 6, 2026). In concluding that such individuals are generally detained pursuant to 8 U.S.C. § 1226(a), the court explained that § 1225(b)(2)(A) applies only to noncitizens who are "seeking admission," meaning those actively pursuing lawful entry after inspection and

---

[3] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026).

authorization by an immigration officer. *Id*. The court reasoned that mere physical presence in the United States without prior admission does not itself render a noncitizen "seeking admission" within the meaning of the statute. *Id*. Accordingly, the court affirmed the grant of habeas relief and held that in that case the petitioners were entitled to individualized bond hearings under § 1226(a). *Id*. Thus, in light of the fact that the Petitioner is similarly situated with the petitioners in *Hernandez Alvarez*, this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

This Court has also previously addressed Respondents' argument regarding the failure to exhaust administrative remedies under circumstances like those presented here. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to

his recent detention, but has not been admitted or paroled, will be subject to mandatory detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. at 221. Many other courts, including those in this District, have found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-cv-25290, 2025 WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9–10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition.

Because this Court finds in favor of Petitioner on the first grounds raised in the Petition and will grant the relief he seeks, this Court declines to analyze the other bases for relief asserted in the Petition.

### IV.    CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the Immigration Court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **June 8, 2026**. It is further

**ORDERED** that on or before **June 15, 2026**, the Parties shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

The Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 28th day of May, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of record

7